## OTT BANKER v. STATE.

No. A-9158. April 2, 1937.
(66 Pac. [2d] 955.)

Meacham, Meacham & Meacham, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. In this case the plaintiff in error was by information charged with the crime of transporting intoxicating liquor; was tried, convicted, and sentenced to serve 60 days in jail and a fine of $100. Motion for a new trial was filed, considered, overruled, and the plaintiff in error, the defendant in the lower court, appeals.

Before the case was called for trial the defendant filed a motion to suppress the evidence and testimony, for the reason that all the evidence which the state offers was obtained by an unlawful and illegal search of defendant's automobile, and said search was made in violation of the statutory rights of the defendant.

In support of his motion to suppress the evidence, Allmon Russell was called as a witness, and testified in substance:

"I know Ott Banker; saw him on the 23d day of November, 1935, near the northeast corner of the brick plant, at the crossing where Maddox avenue, in Clinton, Okla., extends out in to the country and intersects with the line that runs north and south from the brick plant; John Owens and John Thomas were in the car with me; we were going north when I first saw the defendant going west; we had started back to town is what had really happened; we went on north and stopped where there was another car parked, then I came on and turned at the next mile and went east; I caught up with the car about a half mile before I got to town; after I caught up with it I drove along behind the car; we were driving about 15 miles an hour; the first mile we went pretty fast, probably about 35 or 40 miles."

Witness then says something about the tail-light not being very bright, and that they did not have proper lights on the car.

In response to the following questions the witness gave the following answers:

"Q. The truth about it is you thought they had whisky in the car? A. To tell the truth I was pretty near sure he had whisky, and I did not know he did not have the proper lights on his automobile.

"Q. When you followed them the thought that caused you to follow them, or suspicion at least they had whisky in the car? A. Well, any time you see a bootlegger you always think he has whisky.

"Q. That is what you thought in this case? A. Yes, I thought he had some whisky, and I knew he was violating the highway laws.

"Q. That is one of the reasons you followed them, you thought it had whisky in it? A. I thought it had whisky in it, but if it had not turned the same way I was going, I probably would not have followed them.

"Q. You followed them that half a mile with the idea of searching it for whisky, didn't you? A. I figured if I stopped them I would search it."

The plaintiff in error as grounds for reversal of this case has assigned, first, the overruling of his motion to suppress the evidence because the search of the defendant's automobile was illegal. Second, the court erred in overruling the plaintiff in error's demurrer to the evidence of the state, and his motion for a directed verdict. The defendant insists that under the testimony on his motion to suppress, the court should have suppressed the testimony of the state, and held that the search was illegal.

The view the court takes of the record in this case, we think the contention of the defendant is borne out by

the record, and that the only testimony the state offered was testimony secured by an unlawful search and seizure. It is true the sheriff undertakes to say he stopped the car because the lights were defective. If, as attempted to be shown by the sheriff in his testimony, the lights were defective, it does not stand to reason that an officer would follow the car for a mile and a half, as the sheriff says he followed this car, without arresting the defendant. The sheriff's statement does not stand to reason. No officer charged with enforcing the law would follow a car for the distance the sheriff says he did if he discovered the defendant was violating a statute of the state in his presence. You cannot read this record and reach any other conclusion than that the sheriff and the officers followed this car, stopped and searched it in violation of a statute of the state of Oklahoma and the rights of defendant. The defendant may be guilty, yet he is entitled to his constitutional rights, and to a fair and impartial trial, and if convicted at all, he must be convicted by competent testimony lawfully secured against him, and not by officers violating the law to secure it. It is a sad condition when officers sworn to enforce the laws set out and violate it in order to try to secure evidence against a party, and then, when they realize they made a mistake, seek to justify it under some subtle subterfuge that the party was violating another statute of the state.

There is no doubt in the mind of the court that it was an afterthought of the sheriff, for the reason that in his answer to some of the questions propounded to him by the attorney for the defendant he states:

"I thought it had whisky in it, but if it had not turned the same way I was going, I probably would not have followed them. I figured if I stopped them, I would search it."

It is perfectly apparent from the testimony in this case that the defendant's car was not searched because of defective lights, but for the purpose of seeing if he had whisky in it. The search was without authority of law, the officer having no search warrant to search the car and no warrant for the arrest of the defendant.

There being no competent testimony in the record to sustain the conviction, the motion of the defendant to suppress the evidence should have been sustained. The court erred in overruling the motion to suppress.

The judgment is reversed.

DOYLE and BAREFOOT, JJ., concur.