Bob Gerald SHACKELFORD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A—15169.

Court of Criminal Appeals of Oklahoma.

July 15, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Bob Gerald Shackelford, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Robbery with Firearms and from the judgment and sentence fixing his punishment at 20 years imprisonment in the state penitentiary, he appeals.

The record reveals that about 5:00 p.m. on September 28, 1968, two men robbed the Langsam Pharmacy of narcotics at gunpoint. The one with the gun was identified in court as defendant. The robbers also took the proprietor's billfold and his wife's purse. The proprietor's wife and small son were also present and all three were ordered to lie on the floor under defendant's threat: "If I see a head come up I'm going to open fire." (R 16).

The proprietor's wife reported the incident immediately to the police, describing the men as being of the same build, one wearing a grayish-brownish shirt with a little design, and one having brown hair and the other black hair. She did not see any automobile or which direction the men left.

Sgt. Landrith of the Oklahoma City Police Department was in the vicinity of 500 South Harvey at the time, and received a radio report of the robbery and a general physical and clothing description of the robbers; however, he had no vehicle description. Sgt. Landrith saw a 1968 Ford with Texas license plate at Reno and South Robinson with a woman driving and two men passengers. He followed the car east on Reno on a hunch, and at the Santa Fe underpass determined to stop the car. Out of safety considerations he decided he needed help and at that point radioed for assistance. He followed the car on east and at Reno and Byers observed erratic driving in that the car changed lanes without signalling. The car proceeded onto IH–35, headed north, and Sgt. Landrith made other radio calls for help and followed the car about five miles before stopping it.

After stopping the car, he had the occupants remain in the car for about two minutes until help arrived. When help arrived the occupants were dismounted and search was made for weapons. On the right front floorboard were two sacks containing packaged narcotics and under the left front seat were found two sacks containing pistols, one a .32 caliber automatic and one a tear gas gun. The narcotics were identified as having been taken in the robbery.

The single assignment of error urged on appeal is that the court erred in admitting evidence of an unlawful search and seizure. Defendant argues in his brief that since Sgt. Landrith, after having received a report of the robbery, was suspicious of the automobile in which the defendant was riding and stated that he planned to stop the car; the arrest for misdemeanor violations and the subsequent search incident thereto, was a subterfuge

rendering inadmissible the search and seizure under Banker v. State, 61 Okl.Cr. 169, 66 P.2d 955, Bowdry v. State, 64 Okl.Cr. 86, 77 P.2d 753, and others.

This contention ignores the undisputed fact that whatever the state of mind of Sgt. Landrith, he had no intention of stopping the automobile without assistance and that he followed it some five miles[1] during which time he observed misdemeanor violations committed in his presence which justified the arrest and search and seizure incident thereto. Had Sgt. Landrith made the arrest on mere suspicion instead of for the misdemeanors committed in his presence, the arrest would have been unlawful and the evidence obtained by the search and seizure would have been inadmissible.

Under the record before us, we are of the opinion that Sgt. Landrith had a right to arrest for the misdemeanors committed in his presence and that the search incident thereto was a lawful search and seizure.

We have carefully examined the record and find that the evidence amply supports the verdict of the jury; the punishment imposed is well within the range provided by law; and the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.

---

1. During the time that Sgt. Landrith had the automobile in which the defendant was riding under surveillance, he radioed for help three times.