**Richard Dale LAWSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A—15151.**

Court of Criminal Appeals of Oklahoma.

April 28, 1971.

Andrew T. Dalton, Jr., Public Defender, Tulsa County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

OPINION

BRETT, Judge:

Proscriptions inherent in the laws of this State regarding prosecution of, and punishment for, criminal acts or omissions are designated in Oklahoma's Penal Code as in Title 21 O.S.1961, § 23, in effect when this trial was had, as follows:

"An act or omission which is made punishable in different ways by different

provisions of this Code, or other penal statutes, may be punished under either of such provisions, except that in cases specified in Sections 2805 and 2808, [21 O.S. §§ 51 and 54], the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can it be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

That section of the Statutes was amended by the Oklahoma Legislature and is now found as 21 O.S.Supp.1970, § 11, and provides:

"If there be any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

In the instant appeal, plaintiff in error, Richard Dale Lawson, hereinafter referred to as "defendant", was convicted in the District Court of Tulsa County, case No. 23579, for the crime of Burglary in the First Degree; and on February 27, 1969, was sentenced to serve twenty (20) years imprisonment. From that judgment and sentence this appeal was lodged. Defendant sets forth eight propositions in his brief, but it will not be necessary to discuss them separately, because he was convicted under the same facts, circumstances and with the same evidence for the crime of "Robbery With Firearms" for which he was earlier convicted. See: Lawson v. State, Okl.Cr., 479 P.2d 600 (1971), wherein this Court modified and affirmed the judgment and sentence to be: Imprisonment for a period of from ten (10) to thirty (30) years.

The information in the instant case alleged, in part that defendant:

"* * * did unlawfully, wilfully and burglariously, in the nighttime, break and enter into a certain dwelling house occupied by and in the possession of Harold Porter Hill, Jr., located at 12425 East 22nd Street in the City of Tulsa, State of Oklahoma, in which there was at said time a human being, to-wit: Harold Porter Hill, Jr., by forcibly breaking open an outer door of said dwelling house and entering without the consent of said occupant, with the unlawful and burglarious intent then and there to commit the crime of larceny."

After making his unlawful entry, he used a pistol to commit the Robbery with Firearms, for which he was first convicted. Stated briefly the facts revealed by the trial record are: Harold Porter Hill, Jr., was at his home at 12425 East 22nd Street, Tulsa, Oklahoma, on the night of July 27, 1969. After having retired for the evening sometime after midnight he was awakened when he heard a noise in the hallway to his bedroom and saw what he described as light from a flashlight under the door to the bedroom. Mr. Hill arose immediately and when he switched on the light, he saw a man dressed in black attire, holding a gun pointed at him. The intruder ordered him to lie on the bed face down; he tied Mr. Hill's hands and feet, gagged and blindfolded him, and left the room. Mr. Hill could hear the man rummaging through the drawers, closets and other rooms of his house; and he especially recalled hearing a "zipper noise" which

appeared to come from the closet of the bedroom. The evidence later developed that Mr. Hill's rifle stored in a "zipper case" had been removed from the case. Mr. Hill testified that his trousers were on a chair in the bedroom when he retired for the night; and that his billfold was in the pants pocket.

After the intruder left the house, Mr. Hill arose from the bed, and after some difficulty removed his bonds. He then discovered his billfold, minus his money, in the kitchen and that the telephone wires were torn from their connections. Later he discovered several pieces of his wife's jewelry missing. The following week, with the aid of his wife, who had returned home, a complete inventory of the items missing was made. Mr. Hill identified the defendant from the police department "mug-book"; and later at a police line-up.

Defendant attempted to raise the issue of former jeopardy by his "Motion to Quash and Suppress", but the earlier conviction for Robbery with Firearms was on appeal and the judgment and sentence was not final, and because the state contended separate crimes had been committed the motion was overruled. That Armed Robbery conviction is now final, and stands to prevent this conviction from being enforced. As set out in the beginning, the Statutes prevent multiple punishment, under different sections of the Statutes, for several crimes committed during one criminal transaction. In each instance such as this case, it becomes necessary to determine this question under the facts presented. Consequently, the determinative question in this appeal is: Were defendant's criminal acts one transaction? There can be no argument with the fact that defendant's acts were set on foot for the single purpose of committing the act of burglary. In the fulfillment of that purpose, he also committed the crime of Armed Robbery, in an unintermittent manner. It appears to have been the intention of the Legislature to meet these single transaction situations. 22 O.S.1961, § 404, was provided as follows:

"The indictment or information must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by use of different means, the means may be alleged in the alternative in the same count."

The provisions of law are not new law, but have been on the Statute books for more than half a century. In 1914, this Court stated in Estep v. State, 11 Okl.Cr. 103, 143 P. 64:

"A series of criminal charges cannot, under our system of jurisprudence, be based upon the same criminal act or transaction; a single criminal act cannot be split up or subdivided into two or more distinct offenses and prosecuted as such. * * *"

\* \* \* \* \* \*

"To give our constitutional provision the force evidently intended by the language used, and to render it effectual, *the decisive test is whether the same testimony will support both charges.*" (Emphasis added)

More recently in Shackelford v. State, Okl.Cr., 481 P.2d 163 (1971), this principle was restated. The second paragraph of the syllabus to Shackelford, *supra*, provides:

"A defendant convicted of robbery by firearms cannot be additionally convicted and sentenced for possession of the narcotics taken in that robbery where the evidence shows there was but one criminal act which incidently violated more than one statute."

This is defendant's second conviction on the same facts. The same evidence was used in both trials; and in this trial the testimony of one deceased witness was read from the record of trial for the conviction for armed robbery. It is argued in the State's brief, if an accused person can be convicted and punished for only one offense arising out of a single criminal transaction, as in the instant case, then he could plead guilty to ensure trial on the least serious offense first, and then he could not be tried for any other offense arising out of the same course of conduct. And such may be true, except that the defendant does not control the court docket setting the cases for trial. That is the responsibility of the State, over which the defendant has little to say. Likewise, when a defendant will be permitted to enter a plea to any given charge is controlled by the State; so this type argument bears little significance.

It was to meet these multiple crime situations that the Legislature enacted 22 O.S. 1961, § 404, supra. When two or more counts of crime are based upon the same transaction, the accused person may be convicted of either of the offenses. See: Privitt v. State, Okl.Cr., 336 P.2d 925, 926. In that case defendant was charged with "Intent to Rape" and "Assault with Intent to Rob".

Defendant Privett's second complaint was, that the trial court erred in not requiring the State to elect on which count it would reply for conviction. To that complaint this Court said:

"We think the different counts in the indictment all charge one and the same offense, and are *based upon the same transaction,* and that they were inserted in the indictment merely for the purpose of avoiding the possibility of a variance between the allegations." (Emphasis added)

In the instant case, defendant's First Degree Burglary and Robbery with Firearms were one single transaction. He entered the Hill home to commit the crime of Burglary; but in so doing he also committed —during the burglary transaction—the crime of Robbery with Firearms. For that latter crime defendant has already been convicted, and is undergoing punishment.

We are therefore of the opinion this conviction must be Reversed and Remanded, With Instructions to Dismiss.

It is so ordered.

NIX, J., concurs.

BUSSEY, P. J., not participating.