Floyd **HALL**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16779.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Floyd Hall, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Assault with a Dangerous Weapon with Intent to Kill, After Former Conviction of a Felony; his punishment was fixed at twenty-five (25) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, the defendant and the State of Oklahoma agreed to consolidate the case of which the defendant stands convicted and a companion case of Carrying a Firearm, After Former Conviction of a Felony.

Henry Banks testified that he was at the residence of Preston Hall, brother of the defendant, on March 21, 1971. He had a former altercation with Preston Hall, but they had settled their difficulties and he had gone to Hall's apartment to discuss an income tax matter. The defendant, along with a third party whose name Banks did not know, and Preston Hall, were present at the apartment. As he started to leave, he heard a click, looked over his shoulder, and saw the defendant pointing a gun at him. He went out the door, heard a gunshot, and was struck in the left arm, which cracked the bone. He further stated that a .22 caliber revolver, which was marked as State's Exhibit No. 1, looked like the one which the defendant had in his hand. He had had no prior difficulties with the defendant, nor was there any altercation between him and the defendant prior to the time he was shot.

Officers Campbell and Dawson testified that they were called to the scene of a shooting on the day in question, and upon going there, were directed to a 1954 Cadillac, which they pursued. They were able to locate the Cadillac in the 1000 block of North Walnut Street and saw the defendant leave the automobile and walk toward a house which was being torn down. They testified they circled the block and came back, and at that time, the defendant was walking back toward his automobile, wherein they placed him under arrest. They searched an area where it appeared the defendant had been, and found a gun, which was identified as State's Exhibit No. 1, under some boards at the house that was being torn down. The gun contained seven live rounds, and one spent cartridge.

At the close of the State's evidence, the defendant moved the court to compel the State, at this point, to elect upon which case they desired to proceed further, and objected to submitting both cases to the jury. This motion was overruled.

The defendant did not testify, nor was any evidence offered in his behalf. The jury therein returned guilty verdicts in both cases, and after the cases were resubmitted for fixing the penalties, the jury recommended five (5) years imprisonment in the case of Carrying a Firearm, After Former Conviction of a Felony, and twenty-five (25) years in the Assault with a Dangerous Weapon with Intent to Kill, After Former Conviction of a Felony case. Upon a hearing of the Motion for New Trial, the trial court applied the "one transaction rule" set forth by this Court in Lawson v. State, Okl.Cr., 484 P.2d 900, granted a new trial in the case of Carrying a Firearm, After Former Conviction of a Felony, and ordered that the case be dismissed. The trial court overruled the

Motion for New Trial in the Assault with a Dangerous Weapon with Intent to Kill, After Former Conviction of a Felony.

Defendant urges three propositions of error: (1) that the trial court erred in refusing to compel the State to elect upon which case it would rely for conviction before the cases were submitted to the jury; (2) that the court erred in submitting both cases to the jury; and (3) the court erred in making the election between the two cases after the jury had returned its verdicts and in overruling the Motion for New Trial in the Assault with a Dangerous Weapon with Intent to Kill, After Former Conviction of a Felony, all of which are argued under a single proposition.

█ We are of the opinion that defendant's propositions one and two are well taken. The Attorney General, in his brief, concedes that the factual situation as presented, falls within the rule laid down in the *Lawson* case; but he argues that the error was harmless, absent a showing of prejudice. We observe that the defendant agreed to the consolidation of the cases for trial. He did not complain of the joinder until such time as the Instructions were to be read to the jury. At that point, the evidence had been presented to the jury and there was no way of taking the evidence of one crime away from the remainder of the evidence presented. The evidence of the defendant having a firearm in his possession could not have been separated from the other evidence because it was necessary to the proof of the firearm to be given in the assault case. In Kramer v. State, 97 Okl.Cr. 36, 257 P.2d 521, we stated in the Court's first Syllabus:

"An accused may not be placed upon trial for two or more offenses at the same time unless it is at his request, and then it should not be done except in cases where the trial court can see that no prejudice will result to the defendant from joining the cases for trial."

Then the Court went on to state as follows:

"However, counsel for an accused should not be permitted to trifle with a trial court by agreeing that cases could be joined for the purpose of trial and then later complain of the trial court's action in permitting it to be done."

We conclude that although it was error for the trial court to submit both cases to the jury, that the same does not constitute reversible error. The defendant specifically agreed prior to the trial that the cases be consolidated and did not object until such time as the State had rested. We further observe that the identical evidence would be presented in the trial of either of the charges involved. This Court has previously frowned on "laying behind a log" tactics of defense counsel by creating error, and then complaining of such on appeal. Ferrell v. State, Okl.Cr., 475 P.2d 825.

As to the defendant's final proposition, it is readily apparent that had the State been required to elect as to which charge to proceed, that they would have elected to proceed with the more serious offense of Assault with a Dangerous Weapon with Intent to Kill, After Former Conviction of a Felony.

In conclusion, we are of the opinion that because of the error previously discussed, justice would best be served by modifying the judgment and sentence to a term of fifteen (15) years, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

NIX, J., not participating.

BRETT, Judge (specially concurring in results).

I concur in the results of this decision; however, I do not agree that defense counsel was "laying behind a log" for the purpose of creating error. The trial court properly resolved that the two charges fell under the "one transaction rule." In that instance under the provisions of 22 O.S.

Supp.1968, § 438, the two informations[1] could be tried at the same time; however, as provided in Brumbelow et al. v. State, Okl.Cr., 488 P.2d 1298, when two informations are tried at the same time under provisions of Section 438, they must be submitted to the jury as separate counts under the provisions of 22 O.S.1961, § 404; also, in that instance the jury would return a verdict on one, or the other, count charged, or a not guilty verdict. Under the facts here presented, it is stated in the Court's opinion, "We further observe that the identical evidence would be presented in the trial of either of the charges·involved." Therefore, had the two charges not been tried at the same time, I believe the trial on the second information may have been precluded by the provisions of 21 O.S.Supp. 1970, § 11. See: Householder v. Ramey, Okl.Cr., 485 P.2d 247 (1971).

1. Under the facts of this case, the proper administration of justice does not require the informations to be filed.