**Billy Buck HOGAN, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. C–85–651.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1988.

As Corrected Sept. 15, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for petitioner.

## OPINION

BUSSEY, Judge:

Petitioner, Billy Buck Hogan, entered pleas of guilty in the District Court of Tulsa County, Case Numbers CRF–83–4424 and CRF–83–4425, on charges of First Degree Burglary, Assault With a Dangerous Weapon, Unauthorized Use of a Motor Vehicle, two counts of Robbery With a Firearm, and three counts of Running a Road Block. He was sentenced to a total of fifty-two years imprisonment, with half of them suspended. All sentences were ordered to be served consecutively. He brings this petition after denial of his Motion to Withdraw Plea of Guilty.

Petitioner seeks to have his pleas of guilty set aside on four grounds. First, he asserts that his pleas were not knowingly and voluntarily entered because there was an insufficient factual basis for the pleas. To determine whether a defendant is competent to enter a guilty plea, the court must make appropriate interrogation of the defendant and his attorney. *King v. State*, 553 P.2d 529 (Okl.Cr.1976). In this case, the trial judge ascertained from petitioner his age, level of education, sobriety, and past psychological history. Defense counsel stated that he knew of no reason that petitioner's competence should be questioned. The judge had observed petitioner in court for a day and a half of trial before the guilty plea was made. He specifically asked if petitioner or his attorney had any further comments to make concerning petitioner's competence. From this, we find the trial court's interrogation to be appropriate and adequate.

The factual basis for accepting the pleas was well established. The court had heard the State's opening statement and most of its case in chief. The State's only remaining testimony was that of three officers, whose testimony would have related only to the apprehension of petitioner and the seizure of evidence. Petitioner pled guilty to all of the conduct presented by the State in its case. While we have encouraged the district courts to establish special procedures to carry out the require-

ments in *King v. State, supra, see Coyle v. State,* 706 P.2d 547 (Okl.Cr.1985) (concurring opinion by J. Brett), we have not held that a recitation or writing of the facts by a defendant will be necessary in every case. In this case, where all of the State's evidence concerning the crimes perpetrated was already presented and set forth in the record of the case, and petitioner pled guilty following that presentation, we find petitioner's attack on the factual basis for accepting the pleas patently frivolous.

■ Petitioner next seeks relief due to a remark in the record by the prosecutor during sentencing which urges a long sentence because of a potential early parole. This Court has not condoned references to pardon and parole board practices by the prosecutor since our opinion in *Bell v. State,* 381 P.2d 167 (Okl.Cr.1963), and does not do so now. However, we must note that no objection was ever raised and the issue has not been properly preserved for review on appeal. *See Abbott v. State,* 719 P.2d 1289 (Okl.Cr.1986), *cert. denied,* 479 U.S. 950, 107 S.Ct. 438, 93 L.Ed.2d 386.

■ Petitioner's third assignment alleges that in assessing punishment, the trial court improperly considered deterrence, victim sympathy, and failure to give State's evidence. We first note that in construing 22 O.S.1981, § 973, which deals with punishment assessed by the trial court, this Court has stated, "[T]he trial court is granted substantially more latitude than a jury in factors which may be considered in imposing punishment." *Akins v. State,* 523 P.2d 1111, 1114 (Okl.Cr.1974). We do not find that the judge went beyond her latitude. The judge's statements did not show victim sympathy in any form. Protecting society from a person who has demonstrated a violent nature is a valid consideration. In his closing argument, defense counsel relied heavily on petitioner's confession and remorse to obtain a lenient sentence. It was not improper for the judge to consider petitioner's failure to testify against his accomplice to show his lack of remorse. If the trial judge did take deterrence into consideration, we cannot see how petitioner suffered any prejudice

where he received no more than ten years on any charge, despite the aggravating circumstances that were present in this case, despite the fact that petitioner was facing life imprisonment on two counts, and in light of the fact that sentence was suspended on the only count where the maximum punishment was imposed.

■ Finally, petitioner seeks relief due to violation of his protection against double jeopardy. "The long established rule in Oklahoma is that protection from double jeopardy is a personal right which may be waived by the defendant's failure to assert the defense or make a timely objection." *See Hall v. State,* 650 P.2d 893 (Okl.Cr. 1982) and authorities cited therein. Petitioner's reliance on *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) is misplaced. In that case, the defendant entered his plea of guilt after his former jeopardy claim had been rejected by the trial court. The issue of double jeopardy was never raised by this petitioner in any of the proceedings below. Because of the distinctions between *Menna* and this case, and because of petitioner's failure to raise the issue below, petitioner's claim of double jeopardy cannot be reviewed by this Court.

Finding no grounds to reverse the ruling of the District Court, relief is DENIED.

BRETT, P.J., concurs in results.

PARKS, J., concurs in part, dissents in part.

PARKS, Judge, concurring in part and dissenting in part:

While I concur in the affirmance of appellant's convictions for Robbery with a Firearm, Unauthorized Use of a Motor Vehicle, and Running a Road Block, I must disagree with the majority's disposition of appellant's last proposition regarding the violation of double jeopardy. Under the rule set down in *Lawson v. State,* 484 P.2d 900, 902 (Okla.Crim.App.1971) and its progeny, petitioner's convictions for First Degree Burglary and Assault and Battery with a Dangerous Weapon should be reversed.

Initially, I must note that while defense counsel for appellant did not specifically raise the issue of double jeopardy at the preliminary hearing, defense counsel did interpose a demurrer. Furthermore, defense counsel for appellant's co-defendant made an objection based on double jeopardy, but was rejected by the magistrate. Regardless of the lack of objection, the majority fails to address the possibility of fundamental error. In *Salyer v. State*, 761 P.2d 890 (Okla.Crim.App.1988), this Court held that "a claim of double jeopardy is so fundamental that it can be raised by this Court on its own motion, even if it was not adequately preserved for appeal." (Emphasis added) *See also Hunnicutt v. State*, 755 P.2d 105, 109 (Okla.Crim.App. 1988); *Gentry v. State*, 562 P.2d 1170, 1175 (Okla.Crim.App.1977). Clearly, this violation of appellant's constitutional right against being subjected to double jeopardy amounts to fundamental error and should be addressed by this Court. As stated in *Ake v. Oklahoma*, 470 U.S. 68, 74, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985), the waiver rule does not apply to fundamental error, and "[u]nder Oklahoma law ... federal constitutional errors are 'fundamental.'"

In the instant case, appellant urges that the burglary and robbery were part of the same transaction. He also asserts that the assault and battery with a dangerous weapon was an essential element of the robbery charge. I must agree. In *Lawson v. State*, 484 P.2d at 901, this Court held specifically that:

> In the instant case, defendant's First Degree Burglary and Robbery with Firearms were one single transaction. He entered the Hill home to commit the crime of Burglary; but in so doing he also committed—during the burglary transaction—the crime of Robbery with Firearms. For that latter crime defendant has already been convicted, and is undergoing punishment.

The case at bar presents exactly the same situation. Petitioner entered the home to commit the burglary and in so doing, he also committed the crime of Robbery with Firearms. Furthermore, the crime of As- sault with a Dangerous Weapon was committed during the course of the robbery, and therefore petitioner cannot be convicted of both. *Richmond v. State*, 492 P.2d 349, 351 (Okla.Crim.App.1971).

Accordingly, the convictions for First Degree Burglary and Assault with a Dangerous Weapon should be reversed and remanded to the trial court with instructions to dismiss.