940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Billy Buck HOGAN, Petitioner-Appellant,
v.
Ron CHAMPION, Warden, and The Attorney General of the State
of Oklahoma, Respondents-Appellees.
 No. 90-5159.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Billy Buck Hogan and his co-defendant, armed and masked, kicked open a door and entered a home in Tulsa County. They held a fourteen-year-old boy, Matt Hart, at gunpoint while they ransacked the home for several hours. When Matt's brother, Michael, returned home, Hogan and his co-defendant jumped Michael, threatened to shoot him, and kicked him in the face. They loaded items stolen from the house into the Hart's van and left the scene. Some time later, members of the sheriff's department began following the stolen van, and the vehicle ran three road blocks. When the van was eventually stopped, Hogan attempted to flee on foot but was apprehended.
 
 
 3
 Hogan pleaded guilty in the District Court of Tulsa County to first degree burglary, unauthorized use of a motor vehicle, assault with a dangerous weapon, two counts of robbery with firearms, and three counts of running a roadblock. He was sentenced to fifty-two years' imprisonment, with twenty-six years suspended.
 
 
 4
 Hogan's attempt to withdraw his guilty plea was rejected by the District Court of Tulsa County. Hogan appealed to the Oklahoma Court of Criminal Appeals, arguing in part his constitutional protection against double jeopardy had been violated. The court rejected this argument, noting Hogan had failed to raise his double jeopardy claim in any of the proceedings below. The court stated that " '[t]he long established rule in Oklahoma is that protection from double jeopardy is a personal right which may be waived by the defendant's failure to assert the defense or make a timely objection.' " Hogan v. State, 761 P.2d 908, 910 (Okla.Crim.App.1988) (quoting Hall v. State, 650 P.2d 893 (Okla.Crim.App.1982)). The court concluded Hogan was procedurally barred from asserting his double jeopardy claim. Id.
 
 
 5
 Hogan then filed a petition for habeas corpus in federal district court. The district court denied the petition, noting that "[w]here there is an adequate and independent state ground for denying relief, such as a procedural default, a federal court should likewise deny relief unless the prisoner can show cause for, and prejudice from, the default." The court concluded Hogan did not show cause for his failure to raise his double jeopardy claim in a timely manner.
 
 
 6
 Hogan has waived his federal constitutional claim. In United States v. Broce, 488 U.S. 563 (1989), the Supreme Court held a defendant who pleads guilty waives his protection from double jeopardy. Id. at 571. The Court noted a collateral attack on a guilty plea is permissible, however, if a conviction under a second indictment must be set aside because the defendant's right not to be haled into court has been violated. Id. at 574-75 (citing Blackledge v. Perry, 417 U.S. 21 (1974); Menna v. New York, 423 U.S. 61 (1975)).
 
 
 7
 In the present case, Hogan waived his double jeopardy protections when he pleaded guilty to the charged offenses. Instead of pleading guilty, Hogan could have challenged the theory of the indictment and attempted to show he was charged with multiple offenses for the same conduct. He chose not to do so and thus "relinquished that entitlement." Broce, 488 U.S. at 571. The exception to the waiver rule announced in Blackledge and Menna is not applicable in this case. The district court properly denied Hogan's petition for writ of habeas corpus. We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3