GARY L. LUMPKIN, Presiding Judge
DAVID B. LEWIS, Vice Presiding Judge Specially Concurs
ROBERT L. HUDSON, Judge
LEWIS, V. P. J., SPECIALLY CONCURS:
¶ 1 I write separately to clarify my position. Quite clearly the trial court relied on case law which is substantially distinguishable from the case at bar. Lawson v. State , 1971 OK CR 188, 484 P.2d 900, concerns a situation where there are subsequent trials covering two crimes arising out of the same transaction. This Court in Lawson relied on 21 O.S.Supp.1970, § 11, and 22 O.S.1961, § 404. The current case law sets forth the correct analysis of a section 11 issue. See Davis v. State , 1999 OK CR 48, 993 P.2d 124. Furthermore, in Taylor v. State , 1995 OK CR 10, ¶ 45, 889 P.2d 319, 339, this Court held that offenses occurring inside a residence once the burglary is completed do not merge into a single transaction prohibiting separate charges and convictions. I, therefore, agree that Lawson should be overruled.
¶ 2 To make it clear, the prohibition against subsequent trials which occurred in Lawson may properly be analyzed under the prohibition against double jeopardy and collateral estoppel. See Ashe v. Swenson , 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) ; State v. Hooley , 2012 OK CR 3, 269 P.3d 949 ; and *902 Smith v. State , 2002 OK CR 2, 46 P.3d 136. This issue has not arisen in this case, so further analysis is unnecessary.