[Crim. No. 10029.   In Bank.   Nov. 22, 1966.]

In re GEORGE WILLIAM HENRY on Habeas Corpus.

George William Henry, in pro. per., and Allan B. O'Connor, under appointment by the Supreme Court, for Petitioner.

Thomas..C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Daniel J. Kremer, Deputy Attorney General, for Respondent.

TRAYNOR, C. J.—An information charged petitioner and three codefendants, Jenkins, Whitfield, and Hill, with attempted armed robbery of Chester Gambucci and with assault upon him with a deadly weapon. A jury found petitioner guilty as charged. The trial court imposed concurrent sentences for the two offenses.[1]

Petitioner contends that the concurrent sentences inflict multiple punishment in violation of Penal Code section 654,[2]

---

[1] We are not here concerned with a third sentence, also concurrent, for petitioner's possession of a concealable weapon after he had been previously convicted of felony. Petitioner has served the maximum term of five years for that offense. (Former Pen. Code, §12021 [Stats. 1953, ch. 36].)

[2] Penal Code section 654: ''An act or omission which is made punishable in different ways by different provisions of this code may be pun-

and invokes the rule of *Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839], that "If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one."

Gambucci owned a liquor store and adjoining bar, and Charles Moe was his clerk. On January 13, 1958, petitioner, Whitfield, and Hill entered the store. Whitfield and Hill drew pistols, and petitioner stood watching the entrance. Hill pointed his gun at Moe and ordered him to put money from the cash register into a paper bag. As Moe was doing so Whitfield hit Gambucci with the butt of his pistol and then shot him. Meanwhile, petitioner went into the bar and at gunpoint took the telephone receiver from a customer who was making a call. Petitioner, Whitfield, and Hill then fled from the store, leaving the money scattered on the floor. They rode away in an automobile driven by defendant Jenkins. Shortly thereafter police stopped the automobile and took the four defendants into custody.

The Attorney General concedes that the undisputed evidence establishes that the assault and the attempt to rob Gambucci were incident to the one objective of robbery and that the sentence for the assault, the offense subject to the lesser punishment,[3] should be set aside. The two sentences cannot stand because of possible prejudice to petitioner when he comes before the Adult Authority for the fixing of his term. (*People* v. *McFarland* (1962) 58 Cal.2d 748, 763 [26 Cal.Rptr. 473, 376 P.2d 449]; *In re Cruz* (1966) 64 Cal.2d 178, 181 [49 Cal.Rptr. 289, 410 P.2d 825]; *In re Romano* (1966) 64 Cal.2d 826, 829 [51 Cal.Rptr. 910, 415 P.2d 798].)

Despite the Attorney General's concession as to double punishment, the question has arisen whether both sentences should be upheld on the grounds that the evidence established an assault upon and attempted robbery of Gambucci and an attempted robbery of Moe, that section 654 does not apply when one lawless course of conduct harms more than one victim (*Neal* v. *State of California, supra,* 55 Cal.2d 11, 20; *People* v. *Ridley* (1965) 63 Cal.2d 671, 678 [47 Cal.Rptr. 796, 408 P.2d 124]), and that the naming of Gambucci rather than

ished under either of such provisions, but in no case can it be punished under more than one. . . ."

[3]Assault with a deadly weapon is punishable by imprisonment for not more than 10 years. (Pen. Code, § 245.) Attempted armed robbery is punishable by imprisonment for not more than 20 years. (Pen. Code, §§ 211a, 213, 664, subd. 1.)

Moe as the victim in the charge of attempted robbery should be regarded as an immaterial variance under Penal Code section 956.[4]

Discussion between the trial judge and counsel before the imposition of the concurrent sentences, however, establishes that the prosecuting attorney did not contend and the judge did not determine that multiple sentences should be imposed because of the proof that both Moe and Gambucci were victims of defendants' course of criminal conduct. That discussion shows that the judge was of the opinion, and the prosecuting attorney agreed, that the sentences should be concurrent because there was *one* attempted robbery with the assault on Gambucci forming an indivisible part of the transaction.[5] In view of this manifest intent of the prosecuting attorney who drafted the information charging offenses against Gambucci only and of the judge who stated that he was imposing sen-

---

[4]Penal Code section 956: ''When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, or of the place where the offense was committed, or of the property involved in its commission, is not material.''

[5]After the jury returned their verdicts, counsel for Hill and petitioner Henry stated that those defendants wished to waive time for probation report and receive sentence at once. The following colloquy took place:

''THE COURT: . . . [T]here is the matter of making the sentences run concurrently or consecutively. Normally we make them run concurrently . . . when they are convicted of separate offenses at one trial, and these all arose out of one series of acts —

''MR. LEVY [Deputy District Attorney]: One transaction.

''THE COURT: — unless there's some cogent reason to the contrary, the Court would make the sentences run concurrently. Now, if you feel there is any such reason an investigation should be made as to any prior matters that would be material in that regard, I will refer it [for probation report. The judge pointed out that he had no control over the minimum punishments prescribed by law for the defendants who had suffered a prior conviction and were found to have been armed with a deadly weapon at the time of the attempted robbery.] . . . All I can do is make the judgments on the offenses with which they are charged *in this Information* run consecutively or concurrently.

''MR. LEVY: I think the Court has indicated its desire that they run concurrently because *it was just the one act and it was just the one armed or attempted armed robbery and the assault is all a part of the one act.*

''THE COURT: Well, I mean *it was all one thing.* They went in to rob the place and one of them, for one reason or another, pulled a gun and shot somebody. The jury having found they were acting together, they are all chargeable with responsibility for that. . . . But if you feel there is some reason why the Court should consider making them run consecutively, of course I would refer it and listen to you on it. . . .

''MR. LEVY: . . . I think that the Court is correct and fair and just, and we will concur or stipulate that the Court sentence at this time, and that the sentences be concurrent. . . .'' (Italics added.)

tences for the offenses charged in that information, we cannot now uphold the two sentences on the entirely different theory that the omission from the information of an allegation that defendants attempted to rob Moe was a mere mistake in pleading. (See *People* v. *Foster* (1926) 198 Cal. 112, 122 [243 P. 667]; *People* v. *Hedderly* (1954) 43 Cal.2d 476, 480 [274 P.2d 857].)

The sentence for assault with a deadly weapon is set aside and the Adult Authority is directed to exclude that purported sentence from its consideration in fixing petitioner's term. Petitioner is not entitled to release at this time, however, for he is held under the valid judgment of conviction of attempted armed robbery. The order to show cause is discharged and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.