Bob Gerald SHACKELFORD,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15339.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. Nelon, Legal Intern, for defendant in error.

NIX, Judge:

Plaintiff in error, Bob Gerald Shackelford, hereinafter referred to as defendant, was tried and convicted in the District Court of Oklahoma County for the crime of Possession of Narcotics, Case No. 35,-058. From the judgment and sentence imposed on April 29, 1969, fixing punishment at five years imprisonment and a $1,000.00 fine, defendant appeals.

The evidence indicates that on the afternoon of September 28, 1968, two men, one with a gun, robbed an Oklahoma City pharmacy of narcotics. Ten minutes after hearing a police radio broadcast about the robbery, a police officer began following an automobile driven by a woman with two male passengers. After following the automobile for about five miles and observing traffic violations, the officer stopped the car. The occupants, including the defendant, were searched for weapons and on the floor of the car was a sack containing packaged narcotics taken in the robbery of the pharmacy. The arrest and search revealing the narcotics was within thirty minutes of the robbery. Defendant was identified as one of the robbers of the pharmacy.

As a result defendant was charged with robbery with firearms and possession of narcotics. Defendant first was tried and convicted on the robbery charge and sentenced to twenty years imprisonment. The robbery conviction was affirmed on appeal. Shackelford v. State, Okl.Cr., 473 P.2d 330. Subsequently, defendant was tried and con-

victed for possession of narcotics which is the subject of this appeal.

The question is whether defendant can be lawfully punished for the robbery and additionally punished for possession of the narcotics taken in the robbery. The issue is not one of former jeopardy in the classical meaning as we find an express statute to be determinable. Title 21, O.S.Supp. 1970, § 11, provides in relevant part:[1]

"[A]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, * * * but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

It is significant that this statute speaks of an "act or omission" while the double jeopardy prohibition speaks of a conviction or acquittal of an "offense" as being a bar to another prosecution for the same "offense." If an "act" violates two different laws, it may be two "offenses" under double jeopardy interpretation, but Section 11 prohibits a single act being punished more than once under different statutes.

The construction of this identical provision (California Penal Code § 654) by California courts we believe to be sound and persuasive.[2] In Neal v. State, 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839 (1960), certiorari denied 365 U.S. 823, the Supreme Court of California ruled under Section 654 that the defendant could not be punished for attempted murder and arson where he had thrown gasoline into an occupied home and ignited it. In *Neal* the court held:

"Section 654 has been applied not only where there was but one 'act' in the ordinary sense * * * but also where a course of conduct violated more than one

statute * * *. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." 9 Cal.Rptr. at 611, 357 P.2d at 843–844.

Further amplification of this statute was made in People v. McFarland, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449 (1962):

"[T]he divisibility of a course of conduct depends upon the intent and objective of the defendant; and that if all the offenses are incident to one objective the defendant may be punished for any one of them but not for more than one." 26 Cal.Rptr. at 480, 376 P.2d at 456.

Alabama has a similar statute and has adopted California's interpretation in Neal v. State, supra, and People v. McFarland, supra, in prohibiting punishment under more than one statute for a single criminal transaction. Wildman v. State, 42 Ala. App. 357, 165 So.2d 396 (1963). Wade v. State, 42 Ala.App. 400, 166 So.2d 739 (1964).

The statute against double punishment was enacted in Arizona, A.R.S. § 13–1641, from the California Code and Arizona courts have adopted the same construction. State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967). Kansas has also held that "two separate offenses cannot be carved out of the one criminal delinquency." State v. Gauger, 200 Kan. 515, 438 P.2d 455 (1968). The courts of Utah have also held a defendant cannot be punished for two offenses arising out of the same act. State v. Little, 19 Utah 2d 53, 426 P.2d 4 (1967).

With regard to the instant case, the facts clearly show the possession charge involved nothing more than the narcotics found at the arrest scene which were taken in the robbery. The evidence shows essentially one criminal act which incidently violated more than one statute. Both offens-

---

1. The quoted portion of Section 11 was formally Section 23 of Title 21, but added to Section 11 by the Legislature in 1970. Oklahoma Sessions Laws 1970, Chapter 199, page 335.

2. Oklahoma has previously held California cases highly persuasive in matters involving similar statutes. Harness v. Myers, 143 Okl. 147, 288 P. 285 (1930); Lester v. Smith, 83 Okl. 143, 200 P. 780 (1921).

es were part of one criminal act and the defendant may be punished for either but not for both.

In point is People v. Quinn, 61 Cal.2d 551, 39 Cal.Rptr. 393, 393 P.2d 705 (1964). In that case defendant Quinn was one of two men who robbed a San Francisco pharmacy taking cash and narcotics. The California Supreme Court held:

> "The trial court also erred in sentencing defendant to concurrent sentences for first degree robbery and possession of narcotics. * * * In the present case, the theft and possession of the narcotics, the theft of the money, and the robbery were all part of an indivisible criminal transaction."

Accordingly, the judgment and sentence herein must be reversed and remanded with instructions to dismiss.

BRETT, J., specially concurring.

BUSSEY, P. J., dissents.

BRETT, Judge (specially concurring).

I concur in the results of this opinion for the reason that the narcotics found in the car were part of the *armed robbery offense*. The alleged "possession" is an integral part of the armed robbery. I am not offended by that part of the decision in Neal v. State, 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839 (1960), wherein the California Supreme Court construed the California statute as prohibiting the charge of arson after the attempted murder conviction. The arson was the means—or the weapon —by which the murder was attempted, the same as if the murder had been attempted by shooting the victim with a pistol.

However, I do not construe 21 O.S. Supp.1970 § 11 to allude to a "course of conduct". That section speaks in the singular; and, I believe where more than one *independent act*—punishable under separate statutes—is committed, those independent acts are not necessarily covered by the statute under consideration.

This case is also distinguishable from Ryan v. State, Okl.Cr., 473 P.2d 322 (1970), in that in the instant case, arrest occurred at the conclusion of the pursuit; and, the narcotics found in the car were clearly the fruits of the armed robbery; however, in the *Ryan case, supra,* the narcotics were found in defendant's apartment several hours after the robbery was committed. Another recent case distinguishable from the instant one is Tucker v. State, Okl.Cr., 481 P.2d 167 (1971); wherein he was convicted for kidnapping. Tucker committed armed robbery of a drug store,[1] after which he also committed the separate and independent act act of kidnapping. The kidnapping was committed at the completion of the armed robbery, when Tucker ordered the pharmacist to accompany him in his flight from the scene of the robbery. Both convictions were affirmed by this Court as being separate and independent crimes. This view is consistent with the California view expressed in the matter styled, In Re Chapman, 43 Cal.2d 385, 273 P.2d 817; which was cited in Neal v. State, *supra,* at page 612 in 9 Cal.Rptr., at page 844 in 357 P.2d. In *Chapman, supra,* the defendant committed armed robbery and assault. The *Neal* decision stated with reference to *Chapman*:

> "[W]e held that when the assault is not a means of perpetrating the robbery but is an act that follows after the robbery is completed the defendant is guilty of two punishable acts."

I accept that construction, but I do not construe the Oklahoma Statute to include any reference to a "course of conduct", as the California Court seems to construe its statute. I believe the intent of the statute is: If two criminal acts are committed— which are separate and independent acts— punishment for the second act is not proscribed by 21 O.S.Supp.1970 § 11; however, each separate act can be charged under only one statute, whether there is a conviction or acquittal, even though it may violate several statutes. To add to the

---

1. Armed Robbery Affirmed; See 473 P.2d 332 (1970).

statute the "course of conduct" places a premium on the commission of numerous crimes, i. e., "many crimes at the price of one". Finally, each case will stand or fall on its own merits; therefore, I concur in the results of this decision, for the reason stated.