**Lovell SMITH, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15924.**

Court of Criminal Appeals of Oklahoma.

June 23, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. F. Blankenship, Atty.Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Lovell Smith, hereinafter referred to as defendant, was charged by information with the crime of Robbery With a Dangerous Weapon, After Former Conviction of a Felony in the District Court of Oklahoma County, Case No. CRF–69–2849. Defendant was tried by a jury which found him guilty as charged and fixed punishment at Fifty (50) Years imprisonment. Judgment and sentence in accordance with the verdict was imposed on March 9, 1970, and this appeal perfected therefrom.

The issue for determination is whether the defendant may be convicted for assault

and battery with a deadly weapon with intent to kill, and, also convicted and punished for robbery with a dangerous weapon where both charges arise out of the same event.

Briefly stated, the evidence establishes that on November 23, 1969, George Pogue, while operating his cab, picked up a passenger—identified as the defendant—who directed him to several locations. After picking up a girl at one of the stops and directing Pogue to still another location, defendant, while in the back seat, stabbed Pogue in the neck and demanded his money. Pogue drove on at defendant's threat and was stabbed twice in the chest by the defendant after he had again demanded money from Pogue. Pogue passed out and upon regaining consciousness noticed that the defendant and the girl were gone.

As a result of this encounter, the defendant was charged with the offense of assault and battery with a deadly weapon with intent to kill, after former conviction of a felony in the District Court of Oklahoma County, Case No. CRF–70–931. He was found guilty and sentenced to seventy-five (75) years imprisonment with judgment and sentenced imposed on July 1, 1970. This conviction was affirmed on appeal to this Court, Case No. A–16,214, on February 24, 1971. Smith v. State, Okl. Cr., 481 P.2d 804 (1971).

Additionally, defendant was also charged with the offense of robbery with a dangerous weapon, after former conviction of a felony in the District Court of Oklahoma County, Case No. CRF–69–2849. He was tried, convicted, and sentenced to fifty (50) years imprisonment which is the subject of this appeal. Both charges arise from the same event on November 23, 1969, at which defendant threatened George Pogue with a knife, demanded his money, and stabbed him.

Title 21, O.S.Supp.1970, § 11, provides in relevant part:

"[A]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions * * * but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

Recently, in Shackelford v. State, Okl. Cr., 481 P.2d 163 (1971), this Court construed Section 11, noting the California construction of an identical statute, holding that:

"If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." 481 P.2d at 165.

Under the circumstances in the *Shackelford* case, this Court ruled:

"A defendant convicted of robbery by firearms cannot be additionally convicted and sentenced for possession of the narcotics taken in that robbery where the evidence shows there was but one criminal act which incidently violated more than one statute." 481 P.2d at 164.

Even more recently in Lawson v. State, Okl.Cr., 484 P.2d 900, (1971), this Court found that under Section 11, the defendant's conviction for first degree burglary was a bar to his prosecution for robbery with firearms arising out of the same event, holding that:

"[T]he Statutes prevent multiple punishment, under different sections of the Statues, for several crimes committed during one criminal transaction."

This Court noted the determinable test: "Were defendant's criminal acts one transaction?" And ruled that it was since "this is defendant's second conviction on the same facts. The same evidence was used in both trials."

Recently, the Supreme Court of Arizona in State v. Mendoza, 107 Ariz. 51, 481 P.2d 844 (1971), ruled that the defendant could not be convicted for both first degree rape and assault with a deadly weapon arising out of the same event. The court held:

"[I]t is clear that the element of force or violence necessary to the crime of 1st

degree rape was supplied by the fear of personal violence induced by the defendant's usage of a deadly weapon, to wit: the knife, and without such usage that element of 1st degree rape would not exist." 481 P.2d at 848, 849.

California has expressly ruled that a defendant cannot be convicted on separate charges of robbery and assault arising out of the same event. In People v. Ridley, 63 Cal.2d 671, 47 Cal.Rptr. 796, 408 P.2d 124 (1965), the defendant was charged and convicted with first degree robbery of Mike Bennett, proprietor of a pawn shop, and additionally convicted of assault with a deadly weapon with intent to commit murder upon Bennett. The California Court held:

"Here it appears that the assault on Bennett was the means of perpetrating the robbery and that both offenses were incident to one objective, robbery. Accordingly * * * he may be sentenced only for the first degree robbery, the more serious of the two offenses." 47 Cal.Rptr. at 800, 408 P.2d at 128.

In re Henry, 65 Cal.2d 330, 54 Cal.Rptr. 633, 420 P.2d 97 (1966), reached a similar conclusion where the defendant was involved in a robbery of a liquor store where Gambucci, the clerk, was shot by the defendant. The court ruled that the defendant could not be convicted and punished for assault with a deadly weapon and attempted armed robbery. The court held:

"[T]he undisputed evidence establishes that the assault and the attempt to rob Gambucci were incident to the one objective of robbery and that the sentence for the assault, the offense subject to the lesser punishment, should be set aside." 54 Cal.Rptr. at 634, 420 P.2d at 98.

Returning to the facts in the instant case, it is readily apparent that both the robbery charge and assault charge arise out of the same event on November 23, 1969, when the defendant attempted to rob George Pogue, using a knife with which he inflicted wounds upon Pogue. The means of force or fear to perpetrate the robbery was the deadly weapon used by the defendant to inflict wounds upon the victim to achieve his objective of robbery.

We must, therefore, conclude that defendant's conviction and seventy-five (75) year term of imprisonment for assault and battery with a deadly weapon with intent to kill is a bar to his subsequent trial and conviction for robbery with a dangerous weapon.

Therefore, the robbery charge, Case No. CRF–69–2849 is hereby reversed and remanded with instructions to dismiss.

BRETT, J., concurs.

BUSSEY, P. J., dissents.