Clyde James **RICHMOND**, Plaintiff
in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–15217.

Court of Criminal Appeals of Oklahoma.

Oct. 20, 1971.

Rehearing Denied Jan. 20, 1972.

Don Anderson, public defender, Okla-
homa County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in Error, Clyde James Richmond, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County with the crimes of attempted robbery with firearms, after former conviction of a felony, case no. 35463; assault and battery with a dangerous weapon with the intent to do bodily harm, after former conviction of a felony, case no. 35465; and burglary, first degree, after former conviction of a felony, case no. 35466. Judgment and sentence was imposed in each case on March 21, 1969, with punishment assessed at 20 years for the attempted robbery, 10 years for the assault and battery, and 20 years for the burglary, with sentences to run concurrently.

Each charge arose from the same incident. Around 11:15 A.M. on December 23, 1968, a man broke into the motel room of Mr. and Mrs. Jack Hockgeiger in Oklahoma County. The intruder struck the occupants with something in his upraised arm, dropped the object, retreated momentarily, and returned with a revolver. Mr. & Mrs. Hockgeiger fought off the intruder, who then fled the room. The Hockgeigers notified the motel office that a Negro male, wearing a blue sweater, had broken into their room. The motel clerk noticed a Negro wearing a blue sweater leave the motel rather hurriedly in an Oldsmobile, noted the tag number, and notified the police. Shortly thereafter, the defendant was arrested not far from the motel. On these facts, defendant was convicted and sentenced for the three offenses involved herein.

The primary issue is whether defendant may be convicted for three crimes under these facts.

Where the same act may constitute different offenses, the different offenses may be set forth in separate counts in the alternative and defendant convicted of either offense. 22 O.S.1961, § 404. But multiple convictions and punishments for a single criminal act is prohibited. Title 21 O.S.Supp.1970, § 11, provides in relevant part:

[A]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one * * *.

These provisions are not new law, but have been on the statute books for more than half a century. Concerning the constitutional prohibition against twice putting a person in jeopardy for the same offense, this court stated in Estep v. State, 11 Okl. Cr. 103, 143 P. 64 (1914):

To make the offenses the same, the informations need not be identical in language. The name of the offense in the two informations may differ, and within our constitutional guaranty, the offenses be the same. 1 Bishop's New Cr.L. Par. 1050. The term 'same offense,' as used in the constitutional provision does not signify the same offense *eo nomine*, but the same criminal act, transaction, or omission. 11 Okl.Cr. at 106–107, 143 P. at 66.

In Shackelford v. State, Okl.Cr., 481 P.2d 163 (1971) this court applied Section 11 of Title 21 and held:

A defendant convicted of robbery by firearms cannot be additionally convicted and sentenced for possession of the narcotics taken in that robbery where the evidence shows there was but one criminal act which incidently violated more than one statute. 481 P.2d at 164.

More in point as to the facts is our decision in Lawson v. State, Okl.Cr., 484 P.2d 900 (1971), where the defendant, after making an unlawful entry into a house, used a firearm while robbing the owner. This court held that under those facts the defendant could not be convicted of both

robbery with firearms and first degree burglary since it was but one criminal act and could be punished but once.

Therefore, in turning to the facts of the instant case, it is apparent defendant could be convicted of either attempted armed robbery or burglary, but not both, since both charges arose out of the same criminal act.

In People v. Diaz, 66 Cal.2d 801, 58 Cal. Rptr. 729, 427 P.2d 505 (Cal.1967), it was held under a statute identical to 21 O.S. Supp.1970, § 11, that a defendant could not be convicted of first degree burglary, assault with a deadly weapon, and a sexual offense, all arising out of the same incident. The court held:

> Section 654 of the Penal Code prohibits the imposition of multiple punishment if either a single act or a course of criminal conduct engaged in with a single objective is charged as the basis of multiple convictions. Under such circumstances, the defendant can be punished only for the more serious offense. * * *

> The proscribed multiple punishment results from the imposition of multiple sentences even though the sentences are made to run concurrently. * * *

> It is clear that all three crimes of which defendant was convicted were incident to a single objective. Accordingly, under the foregoing rules, he can be punished only for the most serious offense, which is burglary. He cannot be punished for the other two offenses, or either of them, even if the sentences therefor were made to run concurrently with the sentence for burglary. 58 Cal.Rptr. at 732, 427 P.2d at 508.

In the case of In re Henry, 65 Cal.2d 330, 54 Cal.Rptr. 633, 420 P.2d 97 (Calif. 1966), the court reversed defendant's conviction for assault with a deadly weapon, holding that offense was incident to defendant's attempted robbery. The court held:

> * * * [T]he undisputed evidence establishes that the assault and the attempt

to rob Gambucci were incident to the one objective of robbery and that the sentence for the assault, the offense subject to the lesser punishment, should be set aside. 54 Cal.Rptr. at 634, 420 P.2d at 98.

 We therefore conclude that under the facts herein, the defendant could have been prosecuted for either burglary, attempted robbery with firearms, or assault and battery with a dangerous weapon, but that he cannot be convicted for all three offenses as they incident to, and part of, one objective or criminal act which may be punished but once.

Accordingly, the judgment and sentence in case no. 35463, sentencing defendant to 20 years imprisonment for attempted robbery with firearms, after former conviction of a felony, is hereby affirmed; and, the conviction in case no. 35466 for first degree burglary, and case no. 35465 for assault and battery with intent to do bodily harm, after former conviction of a felony, are hereby reversed and remanded with directions to dismiss.

BUSSEY, P. J., concurs in result.