Frederick Douglas BRAY, Plaintiff in Error,

v.

Ray H. PAGE, Warden, State Penitentiary, Defendant in Error.

No. A–16799.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

Edgar H. Parks, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Curtis P. Harris, Dist. Atty., Oklahoma County, for defendant in error.

BRETT, Judge:

This is an original proceeding for a Writ of Habeas Corpus. The issue presented for determination is whether the petitioner may be convicted and sentenced for Shooting with the Intent to Kill and convicted and sentenced for Attempted Robbery with Firearms, where both charges arise out of the same act.

On April 7, 1967 at about 5:30 a. m., a tractor-trailer truck was proceeding North on Lindsay Street in Oklahoma City. The truck driver, Jack Ledford, and his helper, Richard McFarland, noticed a car following behind them, blinking its lights as if it wished to pass. After awhile the car passed the truck, pulled over in front, and caused the truck to stop. Three individuals emerged from the car, and one, identified as the defendant, climbed up on the left running board of the truck. Defendant, armed with a pistol, after a few words demanded that Ledford descend from the truck. Upon Ledford's refusal, defendant shot Ledford five times. Both Ledford and McFarland, the helper, identified the defendant as the assailant.

As a result of this incident the defendant was charged with the offense of Shooting with the Intent to Kill, Oklahoma County Case No. 33134. He was found guilty and sentenced to twenty (20) years imprisonment. On appeal this conviction was affirmed as this Court's Case No. A–14,573, January 29, 1969. Bray v. State, Okl.Cr., 450 P.2d 512.

Additionally, as a result of the same incident, defendant was also charged with the offense of Robbery with Firearms, Oklahoma County Case No. 33558. Defendant was convicted on this charge and sentenced to ninety-nine (99) years in prison. This conviction was likewise affirmed on appeal as our Case No. A–14,645, on February 5, 1969. Bray v. State, Okl.Cr., 450 P. 515.

The question of double punishment for the same incident presented in this proceeding was not raised in either appeal.

Title 21 O.S.1971, § 11, provides in relevant part:

"An act or omission which is made punishable in different ways by different

provisions of this code may be punished under either of such provisions * * * but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

Thus a single criminal act which incidentally violates more than one statutory provision may be punished under either provision, but may be punished only once. In Shackelford v. State, Okl.Cr., 481 P.2d 163 (1971), this Court held:

"A defendant convicted of robbery by firearms cannot be additionally convicted and sentenced for possession of the narcotics taken in that robbery where the evidence shows there was but one criminal act which incidentally violated more than one statute." 481 P.2d at 164.

In Lawson v. State, Okl.Cr., 484 P.2d 900 (1971), this Court held that under 21 O.S. § 11, the defendant's conviction for First Degree Burglary was a bar to the prosecution for Robbery with Firearms arising out of the same act.

In Smith v. State, Okl.Cr., 486 P.2d 770 (1971), this Court held:

"Where a defendant employs a knife in the commission of a robbery inflicting wounds on the victim, the defendant's conviction for assault and battery with a deadly weapon with intent to kill is a bar to prosecution for robbery with a dangerous weapon arising out of the same event as the offenses were incident to but one objective."

In Grace v. Harris, Okl.Cr., 485 P.2d 757 (1971), this Court held that a defendant could not be prosecuted under 21 O.S. § 1287, "making it a separate offense to use a firearm or weapon in commission of a felony, where the firearm or weapon was an essential element or necessary factor in the commission of the primary felony," for which he was convicted and punished.

We also note another case, In re Henry, 65 Cal.2d 330, 54 Cal.Rptr. 633, 420 P.2d 97 (1956), where defendant was involved in a robbery of a liquor store where Gambucci, the clerk, was shot by defendant during the attempted robbery. The court ruled that the defendant could not be convicted and punished for assault with a deadly weapon and attempted armed robbery, both arising out of the same incident. The court held under a statute identical to our 21 O.S. § 11:

"The undisputed evidence establishes that the assault and the attempt to rob Gambucci were incident to the one objective of robbery and that the sentence for the assault, the offense subject to the lesser punishment, should be set aside." 54 Cal.Rptr. at 634, 420 P.2d at 98.

In view of these authorities, in the obvious intent of 21 O.S.1971, § 11, it is apparent that the defendant in the instant case cannot be convicted and punished twice under different sections of the criminal code for the same act. We therefore conclude that defendant's conviction in Oklahoma County Case No. 33134 for Shooting with the Intent to Kill, the offense carrying the lesser penalty, should be set aside and held null and void. While Petitioner is released from further obligation under the charge of Shooting with the Intent to Kill, the conviction for Attempted Robbery with Firearms, Oklahoma County Case No. 33558, remains in full force and effect.

Writ granted in part.

BUSSEY, P. J., and SIMMS, J., concur.