Byron Larue **BARNHART**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–335.

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Byron Larue Barnhart, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Oklahoma County, Case No. CRF–73–214, for the offense of Robbery with Firearms; his punishment was fixed at One Hundred and One (101) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, William Buchanan testified that he was a manager of the grocery department of Trade Mart, located on North May in Oklahoma City. The defendant was a former employee of the store and worked there for several months in 1971. On January 20, 1973, he went to the Founders Bank at 11:30 a. m. and withdrew over Five Thousand ($5,000.00) dollars in bills and coins. He parked in the back parking lot, as he was entering the store, defendant pointed a pistol at him and ordered him to put the money in the defendant's pickup. The defendant next ordered him to get into the pickup and made him sit on the floorboard. They traveled for some distance and defendant fired a shot at the "endgate." The defendant then shot Buchanan behind the right ear. The defendant felt his pulse and asked him if he were still alive. Buchanan did not reply and the defendant dumped him from the pickup at 36th and Eastern. He identified State's Exhibit No. 2 as the gun, and State's Exhibit No. 3 as one of his money bags.

Detective Burns testified that on January 20, 1973, he assisted in the investiga-

tion of the Trade Mart robbery. He was provided with defendant's name, picture, and description. He and his partner went to Lydia's Lounge in southwest Oklahoma City and observed defendant and a female companion leaving the club. He placed defendant under arrest and advised him of his constitutional rights. He asked the defendant and his companion where the pistol was, and the woman gave the officers Four Thousand ($4,000.00) Dollars, which she removed from her purse. The defendant stated that the pistol and the rest of the money were in his pickup. Burns observed blood on the floorboard of the pickup, the gun, and One Thousand ($1,000.00) Dollars in the glove compartment. The pistol contained live rounds and two empty casings in the cylinder.

Jessie Barnhart, defendant's mother, testified that she had never known defendant to leave his pickup unlocked. She testified that the defendant customarily kept a spare tire in the seat of the pickup. When she received the pickup from impoundment, the spare tire and the defendant's butcher tools were missing.

 The sole proposition on appeal asserts that defendant has been punished excessively three times for the same criminal transaction. The defendant was also charged with Kidnapping, After Former Conviction of a Felony, and Assault with a Deadly Weapon with Intent to Kill, After Former Conviction of a Felony. Subsequent to the conviction in the instant case, defendant entered pleas of guilty and received a twenty-five (25) year sentence in the Kidnapping case, and fifty (50) years imprisonment for the Assault case. The defendant argues that the three offenses arose out of a single, continuing criminal transaction and that he should have been convicted of but one offense. We disagree. In Grubb v. State, Okl.Cr., 497 P.2d 1305, we stated:

"Defendant first argues that since he was convicted of the offense of Robbery that the subsequent prosecution for Kid-

napping constituted double jeopardy, or double rapping. In dealing with a similar proposition in the recent case of Kupiec v. State, Okl.Cr., 493 P.2d 444, wherein the defendant was convicted of Armed Robbery and Rape, we stated:

'Defendant further argues under this proposition that the admission of the evidence of the other crime in each case violates the prescription against double punishment for a single transaction, or course of conduct. We are of the opinion that the armed robbery and the rape were clearly separate and distinct crimes. The proof required for a conviction of armed robbery and the proof required for a conviction of rape is quite dissimilar. In the recent case of Tucker v. State, Okl.Cr., 481 P.2d 167, in response to defendant's contention that double punishment for a single criminal objective and intent, act, or course of conduct amounts to cruel and unusual punishment, the Court said:

"We are of the opinion that the fact the crimes were committed in rapid succession does not negate the ultimate fact that separate crimes were committed. To hold otherwise would open the door for persons to commit any number of crimes simultaneously, knowing they could only be punished for one." '

"In the instant case, we are of the opinion that the Robbery and the Kidnapping were separate and distinct crimes. Kidnapping did not commence until the completion of the Armed Robbery. Likewise, the proof required for the conviction of Robbery and the proof required for the conviction of Kidnapping is quite dissimilar. We, therefore, find this proposition to be without merit."

In conclusion we observe that the evidence of defendant's guilt is overwhelming, and that only because of the grace of God the defendant was not standing trial for Murder. Under such circumstances, we

cannot conscientiously say that the sentence imposed shocks the conscience of this Court. The judgment and sentence is accordingly affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.