James DeWayne HALE, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–92–162.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1995.

Loretta F. Jackson, Asst. Public Defender, Tulsa, for appellant.

Sarah Day Smith, Asst. Dist. Atty., Tulsa, for appellee.

Barry Derryberry, Asst. Public Defender, Tulsa, for appellant.

Susan B. Loving, Atty. Gen., Jennifer B. Miller, Asst. Atty. Gen., Oklahoma City, for appellee.

## SUMMARY OPINION

CHAPEL, Vice Chief Judge:

James DeWayne Hale, Jr., was tried by jury in the District Court of Tulsa County, Case No. CF–90–1316. He was convicted of Count I—Rape in the First Degree in violation of 21 O.S.Supp.1986, § 1114, Count II—Incest in violation of 21 O.S.1981, § 885, and Count III—Rape by Instrumentation in violation of 21 O.S.1981, § 1111.1. In accordance with the jury's recommendation, the Honorable B.R. Beasley sentenced Hale to two terms of imprisonment for 199 years for Counts I and III, and one 75–year prison term for Count II. Hale has perfected his appeal of these convictions.

Hale raises the following propositions of error on appeal:

I. Statistical evidence that the perpetrator's DNA came from Hale was prejudicial and unduly admitted.

II. State's exhibits which bolstered the testimony and conclusions of the DNA expert were improperly admitted as evidence.

III. The conviction for incest is unsustainable as a matter of law because it is not supported by sufficient evidence.

IV. Hale could not lawfully be convicted of rape and incest on the basis of a single act.

V. Hale was prejudiced in the sentencing proceedings by admission of a booking photograph.

VI. The State failed to meet its burden of proving prima facie that Hale's conviction was constitutionally valid.

After thorough consideration of the entire record before us on appeal including the original record, exhibits, transcripts, and briefs of the parties, we find that Proposition IV has merit.

Hale argues in Proposition IV that he could not lawfully be convicted of rape and incest on the basis of a single act. Title 21 O.S.Supp.1987, § 11 A, provides that "an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, ... but in no case can it be punished under more than one[.]" This Court has called § 11 "the statutory prohibition on multiple punishment" and held that § 11 is not violated where offenses arising from the same transaction are separate and distinct and require dissimilar proof; the statute is violated where an offense arose from an act which is (1) a mere means to some other ultimate objective, (2) a lesser offense included in some other offense, or (3) merely a different incident or facet of some primary offense. *Clay v. State*, 593 P.2d 509, 510 (Okl.Cr.1979). Section 11 was promulgated in 1970. In the early seventies this Court decided several cases based on § 11 statutory grounds separate from a double jeopardy analysis.[1] In successive opinions

---

1. *Smith v. State*, 486 P.2d 770, 771–72 (Okl.Cr. 1971) (separate trials for assault and battery with intent & robbery with a dangerous weapon from same conduct, § 11 analysis asks if acts were from same transaction, says since both charges arise from same event & assault and battery was committed in order to achieve robbery objective, conviction for former bars robbery charge); *Shackelford v. State*, 481 P.2d 163, 164 (Okl.Cr. 1971) (§ 11 prohibits convictions for possession of narcotics and robbery by firearms when both arise from one criminal act which incidentally violated more than one statute and offenses were incident to one objective); *Tucker v. State*, 481 P.2d 167, 168 (Okl.Cr.1971) (opinion does not discuss § 11, using traditional double jeopardy analysis to hold armed robbery complete before kidnap started, BUT special concurrence refers to § 11 as making no provision for "course of conduct"); *Lawson v. State*, 484 P.2d 900 (Okl. Cr.1971) (§ 11 prohibited convictions for robbery with firearms & burglary, one criminal act may only be punished once); *Richmond v. State*,

492 P.2d 349, 350–51 (Okl.Cr.1971) (§ 11 prohibits convictions for attempted armed robbery and burglary since both arose from, were incident to, and part of one objective or criminal act and may be punished only once); *Bray v. Page*, 494 P.2d 339, 340 (Okl.Cr.1972) (separate prosecutions for shooting with intent and robbery with firearms—under § 11 single criminal act which incidentally violates more than one statutory provision may be punished under either, but only once; showed legislature's obvious intent that a defendant should not be convicted or punished twice under different sections of criminal code for same act). *Cf. Grace v. Harris*, 485 P.2d 757 (Okl.Cr.1971) (defendant claimed § 11 violation but the Court decided the case under Oklahoma Constitution Article II, § 21, holding double jeopardy prohibited separate convictions for armed robbery and using firearm in commission of felony, as use of firearm was essential element of robbery with firearm). *But see Jennings v. State*, 506 P.2d 931 (Okl.Cr.1973) (§ 11 did not

the Court appeared to abandon the use of § 11 or discussed it only peripherally in cases decided under traditional double jeopardy analysis.[2] More recently the Court seems to have conflated the two, treating § 11 as if it were merely a codification or legislative restatement of the constitutional prohibitions against double jeopardy.[3]

■ On the contrary, § 11 provides a clear legislative statement of intent to be used where a defendant has received multiple punishments in a single trial for offenses arising from the same conduct.[4] If a single criminal act gives rise to offenses which are not separate and distinct, are a means to another ultimate objective, are lesser included offenses, or are incidents or facets of some other offense, that conduct may not be punished under more than one statute. The elements of the offenses may be dissimilar if

they fall into one of these categories. The point of the analysis is neither whether the offenses arise from the same conduct nor whether they must be proved by the same evidence, but whether, taken as a whole, a defendant has been punished twice for one criminal course of conduct where his offenses were incident to one objective.

■ Section 11 complements double jeopardy, and only where § 11 does not apply need this Court engage in traditional double jeopardy analysis. Oklahoma will apply the "same transaction" test (did the offenses arise from the same criminal conduct?) for cases of multiple trials, and the "same evidence" test[5] (does each offense require proof of an additional fact the other does not?) in cases of multiple punishment in a single trial.[6] The *Blockburger* "same evidence" test provides a rule of statutory con-

apply because statute indicates where offense chargeable under penal code as whole and under more specific statute in something other than Title 21, then offense must be charged under more specific statute, and here no more specific statute outside penal code exists and it did not appear defendant was held to answer under 2 different statutes for same act—this analysis is contrary to the plain language of § 11 and does not appear in subsequent cases).

2. *Turner v. State*, 786 P.2d 1251, 1253 (Okl.Cr. 1990) (not § 11, assault with a deadly weapon/kidnap/attempted escape same criminal episode but different elements, completion of other crimes not integral part of escape); *Doyle v. State*, 785 P.2d 317, 323 (Okl.Cr.1989) (not § 11, kidnap/rapes/sodomy criminal episode has separate crimes with different elements and dissimilar proof); *Hunnicutt v. State*, 755 P.2d 105, 110 (Okl.Cr.1988) (not § 11 but discusses double jeopardy where one transaction gives rise to two charges, conviction of two counts of concealing stolen property prohibited where one transaction with 2 guns in sack—cites § 11 to say nothing in statutes indicates legislature intended result such that defendant could have been charged with twenty counts if twenty guns had been in sack); *Weatherly v. State*, 733 P.2d 1331, 1336–37 (Okl. Cr.1987) (not § 11, two convictions for assault with a deadly weapon with intent not prohibited by double jeopardy because distinct separation between crimes, dissimilar proof); *Barnhart v. State*, 518 P.2d 1123, 1124 (Okl.Cr.1974) (not § 11, armed robbery/kidnap/assault with a deadly weapon with intent do not violate double jeopardy even if offenses arose from single continuing transaction, as each crime separate & distinct with dissimilar proof); *Kupiec v. State*, 493 P.2d 444, 446 (Okl.Cr.1972) (not § 11, trial for armed robbery and trial for rape, same events,

not prohibited because proof dissimilar, separate crimes committed in rapid succession).

3. *Ashinsky v. State*, 780 P.2d 201, 208 (Okl.Cr. 1989) (§ 11 issue fundamental and can be raised by Court sua sponte, using "same evidence" test, finds both offenses separate and distinct because defendant accomplished robbery before committing assault with a deadly weapon—although case cites § 11 entire discussion is traditional double jeopardy analysis); *Johnson v. State*, 611 P.2d 1137, 1142–43 (Okl.Cr.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981) (separate prosecutions for kidnap and murder—different counties but same transaction—should have been tried in one case but defendant waived double jeopardy claim by failing to raise it until after the kidnap trial, holds Court will apply "same transaction" or "same evidence" test as appropriate case by case—cites § 11 cases and does not distinguish between double jeopardy and § 11 although ruling is based on double jeopardy analysis). Even *Clay, supra*, cited *Barnhart, Tucker*, and *Kupiec* for the finding that § 11 is not violated where offenses are separate or distinct and require dissimilar proof, but none of those cases were decided under § 11.

4. *Bray v. Page*, 494 P.2d 339, 340 (Okl.Cr.1972); *Cf. Hunnicutt v. State*, 755 P.2d 105, 110 (Okl.Cr. 1988).

5. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

6. *Ashinsky*, 780 P.2d at 208; *Ocampo v. State*, 778 P.2d 920, 923–24 (Okl.Cr.1989); *Salyer v. State*, 761 P.2d 890, 893 (Okl.Cr.App.1988); *Johnson*, 611 P.2d at 1142–43.

struction, a guide to determining whether a legislature intended multiple punishments in order to prevent a sentencing court from prescribing greater punishment than a legislature intended.[7] In promulgating § 11 our legislature expressed its clear intention that, where an act or omission is punishable under different statutes, a defendant may only be punished once for the single act.

■ Hale committed an act of forcible rape against his sister. The elements of rape include nonconsensual intercourse by force or fear against a woman not Hale's wife. The elements of incest include sexual intercourse with a person related to Hale within prohibited degrees of consanguinity. Thus the elements of rape and incest require dissimilar proof—one requires lack of consent and use of force or threats, while the other is silent as to consent but requires that the parties be related. However, only one act of intercourse was completed. On the facts of this case, the offense of incest is only a different incident or facet of the offense of rape, both of which had the single objective of sexual intercourse. These facts fall squarely within the prohibition of § 11. Thus, on the facts of this case, Hale's conviction for incest cannot stand.

## DECISION

The Judgment and Sentence of the trial court as to Counts I and III are **AFFIRMED.** The Judgment and Sentence of the trial court as to Count II is **REMANDED** with instructions to DISMISS.

JOHNSON, P.J., and LUMPKIN, J., concur in result.

LANE and STRUBHAR, JJ., concur.

LUMPKIN, Judge, concur in result.

Justice William Rehnquist once wrote:

While the [Double Jeopardy] Clause itself simply states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," the decisional law in the area is a veritable Sargasso Sea which could not fail to challenge the most intrepid judicial navigator.

*Albernaz v. United States,* 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981). This Court itself has more than once floundered on the constitutional hazards hidden beneath that same sea's surface, seemingly veering from reef to reef guided not by any fixed judicial principles, but by the whim of whichever judge was in control of the helm. In trying to reconcile our earlier cases, I empathize with what was undoubtedly a frustrating moment for our now Chief Justice. This frustration prompts me to write separately.

### I.

I agree with the result in this case, and generally agree with the principles expressed in the well-reasoned opinion by my colleague. However, I cannot agree that certain dicta in this opinion is necessary for determination of the issue before this Court.

My primary complaint lies in language outlining what this Court will do in an instance where multiple trials are involved. When the opinion states "Oklahoma will apply the 'same transaction' test (did the offense arise from the same criminal conduct?) for cases of multiple trials, and the 'same evidence' test (does each offense require proof of an additional fact the other does not?) in cases of multiple punishment in a single trial," *ante,* at page 1029, it is addressing an issue not before this Court. Nowhere is there an allegation by any party concerning multiple trials; accordingly, this Court has no business addressing the issue, even in dicta.

7. *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Ellis v. State,* 834 P.2d 985, 990 (Okl.Cr.1992). *Ellis* did not discuss § 11 but the opinion supports the argument that the *Blockburger* test should not be applied where legislative intent is clear. Arizona, California, Georgia, Ohio, Minnesota, and Missouri have statutes analogous to § 11, and Hale's cited cases indi- cate that those courts look to their analogous statutes to determine whether it is necessary or appropriate to conduct a double jeopardy analysis. The State cites cases from several other states in which rape and incest were held not to violate double jeopardy, but none of those cases were decided under analogous statutes (Missouri's statute, as cited by both parties, prohibits multiple prosecutions for inclusive and included offenses only).

## II.

Second, in the interest of historical accuracy, I must take issue with the statement "[s]ection 11 was promulgated in 1970." *Ante* at page 1028. To the contrary, while this statutory provision has changed somewhat over the years, it has been on the books of this state and preceding territory since before the turn of the century. *See* St.1890, Sec. 1861; St.1893, Sec. 1850; St.1903, Sec. 1935; Comp.Laws 1909, Sec. 2032; R.L.1910, Sec. 2092 [1]; Comp.St.1921, Sec. 1509; Laws 1970, c. 199, Sec. 1.[2] And despite additions over the years, the statute has always been interpreted as prohibiting multiple punishments. *See e.g., Richmond v. State,* 492 P.2d 349, 350 (Okl.Cr.1971) ("These provisions are not new law, but have been on the statute books for more than half a century."), and cases and discussion therein.

I mention this only to show this Court is not writing on a clean slate, but is (or should be) taking this opportunity to reconcile what could easily be interpreted as conflicting opinions coming from this Court based on very clear principles.

## III.

That these principles are in themselves very clear (although their interpretations are obviously not) can be seen in language by the United States Supreme Court interpreting the Fifth Amendment prohibitions against double jeopardy. Based on language by the Supreme Court, I concur in what is the heart of the holding promulgated by this opinion, that 21 O.S.1991, § 11 "provides a clear legislative statement of intent to be used where a defendant has received multiple punishments in a single trial for offenses arising from the same conduct." *Ante* at 1029. Specifically, "[t]he point of the analysis is neither whether the offenses arise from the same conduct nor whether they must be proved by the same evidence, but whether, taken as a whole, a defendant has been punished twice for one criminal course of conduct where his offenses were incident to one objective." *Ante* at 1029. That language, which is virtually ver-

1. At statehood, the provision read:
   If there be in any other chapter of the laws of this state a provision making any specific act criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code.

2. After changes in 1970, the provision read:
   If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in Sections 51 and 54 of this title, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other.

   The provision currently reads:

   A. If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in Sections 51 and 54 of this title, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can it be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other.

   B. Provided, however, notwithstanding any provision of law to the contrary, any offense, including traffic offenses, in violation of the laws of this state which is not otherwise punishable by a term of imprisonment or confinement shall be punishable by a term of imprisonment not to exceed one day in the discretion of the court, in addition to any fine prescribed by law.

batim from language in *Richmond,* 492 P.2d at 351 (noting all three crimes of which that defendant was convicted were "incident to a single objective"), is an excellent way of stating the goals and objectives of Section 11. Thus it is that this Court can uphold convictions for both robbery and assault with a deadly weapon when the objective of robbery has been accomplished, and the assault charge appears to be more gratuitous, as in *Ashinsky v. State,* 780 P.2d 201 (Okl.Cr. 1989); yet not uphold charges of both armed robbery and using a firearm in the commission of a felony, since the use of the firearm was incident to the single objective of committing armed robbery. *Grace v. Harris,* 485 P.2d 757 (Okl.Cr.1971).

I must clarify the opinion's statement that "[s]ection 11 complements double jeopardy." *Ante* at 1029. Semantics aside, Section 11 is part and parcel of double jeopardy, as an expression of our Legislature's intention no person should be convicted for the same actions leading to one objective. Nowhere was this made clearer than in *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

There, respondent and two accomplices entered a Kansas City supermarket. Respondent entered the store manager's office and ordered him, at gun point, to open two safes. While the manager was complying, respondent struck him twice with his revolver. Based on this action, respondent was charged under Missouri statute with robbery in the first degree and what is known in Missouri as "armed criminal action," which provided that a person who commits a felony through the use, assistance, or aid of a dangerous or deadly weapon would also be guilty of "armed criminal action." The statute specifically stated the punishment imposed pursuant to that section "shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon."

The Missouri court reversed a conviction for the offense based on its interpretations of the Double Jeopardy clause, declaring that "[u]ntil such time as the Supreme Court of the United States declares clearly and unequivocally that the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution does not apply to the legislative branch of government, we cannot do other than what we perceive to be our duty to refuse to enforce multiple punishments for the same offense arising out of a single transaction." *Id.* at 365, 103 S.Ct. at 677.

The Supreme Court reversed, observing "it is clear that the Missouri Supreme Court has misperceived the nature of the Double Jeopardy Clause's protection against multiple punishments. With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366, 103 S.Ct. at 678.

In arriving at that conclusion, the Court reviewed prior holdings which noted that test enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) [3] essentially established a "rule of statutory construction." *Hunter,* 459 U.S. at 366, 103 S.Ct. at 678, adding:

> The assumption underlying the rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.

*Id.* at 366, 103 S.Ct. at 678 (quoting *Whalen v. United States,* 445 U.S. 684, 691–692, 100 S.Ct. 1432, 1437–1438, 63 L.Ed.2d 715 (1980). The Court noted the same philosophy was discussed in *Albernaz,* where because:

> "The Blockburger test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where,

---

**3.** "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182.

for example, there is a clear indication of contrary legislative intent."

*Hunter,* 459 U.S. at 367, 103 S.Ct. at 679 (quoting *Albernaz,* 450 U.S. at 340, 101 S.Ct. at 1143). Based on these cases, the *Hunter* Court concluded:

Our analysis and reasoning in *Whalen* and *Albernaz* lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Id.* 459 U.S. at 368–69, 103 S.Ct. at 679.

Based on this discussion, I conclude the following: the underlying principles of Double Jeopardy indulge in the presumption our Legislature does not intend a criminal defendant to be punished twice for one course of conduct aimed at one objective. This presumption is statutorily embodied in 21 O.S. 1991, § 11, and must be followed, absent specific provisions to the contrary. If Section 11 resolves the matter, this Court need not resort to any further analysis. If Section 11 does not resolve the issue, this Court can apply the *Blockburger* test to determine whether our Legislature intended multiple punishment. In those cases when the Legislature specifically provided punishment for a crime to be specific and in addition to any

other punishment which may be appropriate—*see, e.g.,* 22 O.S.Supp.1994, § 60.6 (providing violation of a protective order shall not preclude prosecution under other specified criminal statutes); 22 O.S.1991, § 1408 (providing that criminal penalties and fines pursuant to the Oklahoma Corrupt Organizations Prevention Act "shall not preclude the application of any other criminal or civil remedy pursuant to any other provision of the law.")—this presumption is rebutted, and separate punishments are constitutionally permissible.

Based on this presumption, and for the reasons given above, I concur in result.