**Alvin Dean MATHUES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–95–781.**

Court of Criminal Appeals of Oklahoma.

July 10, 1996.

Julie O'Connell, Assistant Public Defender, Tulsa, for Defendant at trial.

Steven Leippert, Assistant District Attorney, Tulsa, for the State at trial.

Barry L. Derryberry, Assistant Public Defender, Tulsa, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma and Elaine K. Sanders, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

## SUMMARY OPINION

CHAPEL, Vice Presiding Judge.

Alvin Dean Mathues was tried by a jury and convicted of Delivery of Cocaine in violation of 63 O.S.1991, § 2–401 (Count I); and Receiving or Acquiring Proceeds Derived from Illegal Drug Activity in violation of 63 O.S.Supp.1994, § 2–503.1 (Count II), all After Former Conviction of a Felony, in the District Court of Tulsa County, Case No. CF–95–748. In accordance with the jury's recommendation, the Honorable Jesse S. Harris sentenced Mathues to fifteen years imprisonment on each count. Mathues has perfected his appeal of these convictions.

Mathues raises the following propositions of error in support of his appeal:

I. Convictions for unlawful delivery of a controlled drug and receiving or acquiring proceeds derived from illegal drug activity are prohibited by Oklahoma's prohibition against multiple punishments for single acts and the double jeopardy clause;

II. The conviction for receiving or acquiring proceeds derived from illegal drug activity must be set aside because the State's evidence directly proved that the acquired money was not drug proceeds;

III. The trial court erred in refusing to instruct on the defense of entrapment;

IV. The legal instructions in the punishment stage lacked any description of the elements to be found by the jury;

V. The jury verdict of punishment in Count II fails to state an ascertainable verdict; and

VI. The Judgments and Sentences erroneously describe the convictions, and should be remedied by remand for an order nunc pro tunc.

After thorough consideration of the entire record before us on appeal including the original record, transcripts, briefs and exhibits of the parties, we have determined that Propositions I and VI have merit.

▇▇▇ In Proposition I, Mathues claims his convictions for unlawful delivery of a controlled drug and receiving or acquiring proceeds derived from illegal drug activity are prohibited by Oklahoma's prohibition against multiple punishments for single acts. As a result of committing the single act of selling a rock of cocaine for $20, Mathues was charged with and convicted of two separate crimes, delivery of cocaine and receiving or acquiring proceeds derived from any transaction prohibited under the Uniform Controlled Dangerous Substances Act. Oklahoma prohibits punishment of a single act or omission under more than one provision of the criminal code, even where the act

may be punishable under several different provisions.[1] In *Hale v. State*[2] this court held:

"§ 11 provides a clear legislative statement of intent to be used where a defendant has received multiple punishments in a single trial for offenses arising from the same conduct. If a single criminal act gives rise to offenses which are ... a means to another ultimate objective ... or are incidents or facets of some other offense, that conduct may not be punished under more than one statute."[3]

Although the elements for unlawful delivery and receiving or acquiring derived proceeds differ, Mathues unquestionably committed a single criminal act in selling Officers Gwin and Painter a rock of cocaine. The issue before this Court is whether Mathues has been punished twice for one criminal act where both charged offenses were incident to one objective. The answer here must be yes: Mathues was punished twice for engaging in one cocaine sale. Count II is remanded with instructions to dismiss.

The State agrees with Mathues's Proposition VI claim that the Judgments and Sentences incorrectly reflect two prior offenses rather than the one relied on at trial. Count I is remanded for correction by an Order Nunc Pro Tunc, which should reflect that Mathues has been convicted of Unlawful Delivery of Controlled Drug After Former Conviction of a Felony.

## DECISION

The Judgment and Sentence of the trial court as to Count I is **AFFIRMED** and **REMANDED** for an Order Nunc Pro Tunc correcting the Judgment and Sentence. The Judgment and Sentence as to Count II is **REMANDED** with instructions to **DISMISS**.

JOHNSON, P.J., and LUMPKIN, J., specially concur and file opinions.

LANE and STRUBHAR, JJ., concur.

1. 21 O.S.1991, § 11.

2. 888 P.2d 1027 (Okl.Cr.1995).

3. *Hale,* 888 P.2d at 1029. The State's brief appears to misunderstand the holding in *Hale,* which neither expands § 11 nor obliterates the use of the "same elements" test where appropriate. The State's argument against *Hale* is also inapplicable to this case, where we have not a criminal course of conduct but a single criminal act.

JOHNSON, Presiding Judge, Specially concurring:

I concur herein based upon stare decisis and further based upon the facts in this case. This is a clear case where there was one criminal act. Therefore, due to stare decisis the conviction while receiving or acquiring proceeds derived from illegal drug activity should be reversed and dismissed. I write specially just to continue my position that in the appropriate case, these cases are handled as the double jeopardy clause and not under the now super double jeopardy clause (22 O.S.1991, § 11).

LUMPKIN, Judge, specially concurring:

I agree that under 21 O.S.1991, § 11 and our caselaw, the conviction for receiving proceeds related to a drug transaction must be reversed. I based this not only on our existing caselaw and Section 11, but also specific provisions in our statutes dealing with controlled dangerous substances. Specifically, I refer to 63 O.S.1991, § 2–409, which reads:

> Any penalty imposed for violation of this article shall be in addition to, and not in lieu of, any *civil or administrative* penalty or sanction authorized by law.

This as a classic example of "expressio unius est exclusio alterius": the mention of one thing in a statute implies exclusion of another. *Canady v. Reynolds,* 880 P.2d 391, 399 (Okl.Cr.1994); *McCullick v. State,* 682 P.2d 235, 236 (Okl.Cr.1984); *State v. Smith,* 539 P.2d 754, 757 (Okl.Cr.1975). The above language convinces me the Legislature considered, but rejected the possibility of additional criminal charges for violation of both acts; that they considered, but rejected, the idea of exempting these drug laws from the general provisions of 21 O.S.1991, § 11. One can draw the same conclusion from 63 O.S.1991, § 2–413, which prohibits a conviction in the courts of this State if a conviction has been obtained in federal court or the courts of another state.

In reaching this conclusion, I do not mean to imply there does not exist a set of facts under which a conviction under both provisions may be obtained. I merely agree that

under the facts of this case, the second conviction cannot stand.