2002 OK CR 21

**Kathryn Sue PEACOCK, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2001–494.

Court of Criminal Appeals of Oklahoma.

May 2, 2002.

Eric R. Jones, Ardmore, OK, for appellant at trial.

Robert E. Christian, District Attorney, Dennis L. Gay, Assistant District Attorney, Waurika, OK, for the State at trial.

Mark P. Hoover, Norman, OK, for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Lori S. Carter, Assistant Attorney General, Oklahoma City, OK, for appellant on appeal.

### SUMMARY OPINION

LUMPKIN, Presiding Judge.

¶1 Appellant Kathryn Sue Peacock was tried by jury and convicted of Conspiracy to Manufacture a Controlled Dangerous Substance (Methamphetamine) (63 O.S.1991, § 2–408) in Case No. CF–2000–11; Possession of a Controlled Dangerous Substance (Methamphetamine) (Count I) (63 O.S.Supp. 1999, § 2–402(A)), and Possession of a Controlled Dangerous Substance (Methamphetamine) in the Presence of A Child (Count II) (63 O.S. Supp.1999, § 2–402(C)) in Case No. CRF–2000–12; and Possession of a Firearm

While Under DOC Supervision (21 O.S.Supp. 1997, § 1283(C)), in Case No. CF–2000–15, in the District Court of Jefferson County. The jury recommended as punishment twenty (20) years imprisonment and a $50,000 fine in Case No. CF–2000–11; four (4) years imprisonment in Count I, Case No. CF–2000–12; fifteen (15) years imprisonment and a $5,000 fine in Count II, Case No. CF–2000–12; and one (1) year imprisonment in Case No. CF–2000–15. The trial court sentenced accordingly, ordering the sentences to run consecutively. It is from this Judgment and Sentence that Appellant appeals.

¶2 Appellant raises the following propositions of error in support of her appeal:

I. Because Appellant's separate convictions for Possession of a Controlled Dangerous Substance and Possession of a Controlled Dangerous Substance in the presence of a Child violate the statutory and constitutional prohibitions against double jeopardy, this Court must reverse one of the convictions and remand it with instructions to dismiss.

II. The prosecutor improperly argued that Appellant was guilty of the current charge of possession of methamphetamine because she had previously possessed methamphetamine, so this Court should reverse her possession charge or, in the alternative, modify her sentence.

¶3 After a thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that reversal is warranted only as to Count I in Case No. CF–2000–12.

■ ¶4 In Proposition I, we find Appellant's convictions for possession of methamphetamine and possession of methamphetamine while in the presence of a child violate the statutory prohibition against double punishment. Title 21 O.S.1991, § 11A, provides that "an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, ... but in no case can it be punished under more than one[.]" "This Court has called Section 11 'the statutory prohibition on multiple punishment' and held that Section 11 is not violated where offenses arising from the same transaction are separate and distinct and require dissimilar proof." *Hale v. State*, 888 P.2d 1027, 1028 (Okl.Cr.1995); *Clay v. State*, 593 P.2d 509, 510 (Okl.Cr.1979).

¶5 In this case, the same evidence was used to support the felony charges and ultimately the convictions. The contraband discovered during the execution of the search warrant on February 8, 2000, was used to support both the possession charge (and conviction) and the possession in the presence of a child charge (and conviction). In this case, the crime of possession in the presence of a child could not have been committed without committing the offense of possession. Appellant's offense in this case could have been charged as either possession or possession in the presence of a child, but criminal charges should not have been brought under both statutory provisions. Accordingly, Appellant's convictions for possession and possession while in the presence of a child violate the statutory prohibition against double punishment. *See Davis v. State*, 993 P.2d 124 (Okl.Cr.1999). Therefore, the conviction in Count I, Possession of Controlled Dangerous Substance (Methamphetamine) in Case No. CRF–2000–12 is reversed with instructions to dismiss.

■ ¶6 In Proposition II, we find no plain error in the prosecutor's statement. *Romano v. State*, 909 P.2d 92, 115 (Okl.Cr.1995). The prosecutor's comment was not determinative of either guilt or punishment. When considered in light of the jury's instructions, the evidence, and the closing argument as a whole, the comment did not prejudice Appellant's right to a fair trial. *See Roberts v. State*, 868 P.2d 712, 718 (Okl.Cr.1994).

## DECISION

¶7 With the exception of Count I, Case No. CF–2000–12, the Judgments and Sentences are **AFFIRMED**. The Judgment and Sentence in Count I, Case No. CF–2000–12,

is *REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS.*

JOHNSON, CHAPEL, STRUBHAR, and LILE, JJ., concur.