**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK D. MOLLOY,

      Petitioner - Appellant,

v.

H. N. SCOTT, Warden,

      Respondent - Appellee.

No. 02-6173
D.C. No. CIV-01-1777-R
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

---

      Petitioner-Appellant Mark D. Molloy, a state inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order denying relief on his petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. Because Mr. Molloy has failed to make "a substantial showing

of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

deny his request and dismiss the appeal.

Mr. Molloy was convicted by a jury in Oklahoma state court of possession with intent to use a substance to manufacture a controlled dangerous substance (Count I), unlawful possession of a controlled dangerous substance with intent to distribute (Count II), and possession of a sawed-off shotgun after former conviction of a felony (Count III). He was sentenced to consecutive prison terms of 35, 10 and 5 years and was fined $70,000. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. I R. Doc. 8, Ex. C.

Mr. Molloy then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court asserting the same two claims raised before the OCCA: (1) that the search of his residence was unlawful under the Fourth and Fourteenth Amendments because the search warrant was invalid; and (2) that he was subjected to double jeopardy in violation of the Fifth and Fourteenth Amendments because he received multiple punishments for the same offense. The magistrate judge carefully considered each of these claims and issued a Report and Recommendation recommending that the district court deny Mr. Molloy's petition. After detailed consideration of Mr. Molloy's objections, the district court adopted the magistrate judge's recommendation and denied Mr. Molloy's petition on the merits. Mr. Molloy now asserts, before us, the same claims raised before the district court in seeking a COA.

In order for this court to grant a COA, Mr. Molloy must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has rejected the habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The claims before the district court were presented to the OCCA and were denied by that court in a summary opinion that contained a short discussion of each claim. As such, the district court could not properly issue a writ of habeas corpus unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Further, the fact that the OCCA denied relief to Mr. Molloy in a summary opinion has no effect on the deference owed to the state court's result. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999). It is against these standards that the district court's denial of Mr. Molloy's petition must be assessed.

In his habeas petition, Mr. Molloy argued that the search of his residence was unlawful under the Fourth Amendment because the search warrant was invalid. The district court concluded that it was barred from reaching the merits

of Mr. Molloy's claim because he received an opportunity for full and fair litigation of the claim in state court. See Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnotes omitted)).

On appeal, Mr. Molloy first asserts the district court erred in applying Stone to bar habeas relief because he never received a full and fair opportunity to litigate this claim in state court. Whether Mr. Molloy had a full and fair opportunity to litigate his Fourth Amendment claim in state court is a question this court reviews de novo. Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992). In Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978), we held that opportunity for full and fair consideration includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim and the full and fair evidentiary hearing contemplated by Townsend v. Sain, 372 U.S. 293 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992). Such opportunity further "contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards." Gamble, 583 F.2d at 1165. Upon de novo review of the district court order and the state court record, we agree with the district court that Mr. Molloy had a full

and fair opportunity to litigate this claim in state court. As the district court observed, the OCCA gave "thorough consideration" to Mr. Molloy's arguments and to "the entire record . . . on appeal, including the original record, transcripts, and briefs." I R. Doc. 8, Ex. C at 2. Therefore, we conclude that habeas review of Mr. Molloy's Fourth Amendment claim is not available under Stone. We also agree with the district court that Mr. Molloy has not shown he was entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

Finally, Mr. Molloy reasserts his argument that he was subjected to double jeopardy in violation of the Fifth Amendment because he received multiple punishments for the same offense via convictions for Counts I and II. The Double Jeopardy Clause, among other things, protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989). This protection, however, is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct constitutes a violation of two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent."

Id.  In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932).

Having carefully reviewed Mr. Molloy's arguments, the OCCA opinion, the magistrate judge's report and recommendation, and the district court's order, we find the reasoning of the district court persuasive and we agree that the OCCA's conclusion was not contrary to and did not involve an unreasonable application of clearly established federal law.  We note that Peacock v. State, 46 P.3d 713 (Okla. Crim. App. 2002) adds nothing to alter our conclusion that the conduct charged in Count I is separate and distinct from that charged in Count II such that no double jeopardy problem exists here.

Because Mr. Molloy has failed to show that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong, and since none of Mr. Molloy's claims suffice to make a substantial showing of a denial of a constitutional right, we DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge